IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA   )
                            )      CRIMINAL ACTION NO.
    v.                 )       2:03cr213-MHT
                            )          (WO)
JOHNNY NEWMAN          )

OPINION AND ORDER

This court adjudged defendant Johnny Newman guilty of three violations of supervised release for testing positive for marijuana. Newman proposed that he be sentenced to six days of imprisonment for these past three violations--to be served in three two-night spans when he is not working--and that, for any future positive drug test, the court sentence him based on the "swift and certain" model of punishment pioneered by Hawaii's Opportunity Probation with Enforcement (HOPE) program. In a prior opinion, this court explained why, following an on-the-record colloquy with Newman, it would adopt the HOPE-based sentencing scheme, albeit with several modifications. *See United States v. Newman*, 2018 WL 6169218, \_\_\_\_ F.Supp.3d\_\_\_\_ (M.D. Ala.

2018) (Thompson, J.).  On December 6, 2018, this court

conducted the colloquy with Newman.*  Subsequently, the

court revoked his term of supervised release, sentenced

him to six days of imprisonment for his past three

violations, and imposed a new term of supervised

release--to end on July 22, 2021--requiring his

participation in the modified HOPE program.  The order

below details the terms of that program.

***

In accordance with the revocation judgment entered

today, it is ORDERED that the following conditions

shall apply to defendant Johnny Newman's new term of

supervised release:

_____

* Newman's counsel originally submitted a proposed
written agreement for the sentencing plan on August 28,
2018, (doc. no. 151), and then resubmitted, but did not
file, a modified proposed written agreement after the
December 6 in-court colloquy.  Following the second
submission, Newman's counsel orally informed the court
that the in-court colloquy was a sufficient basis for
the sentencing plan, and that the written agreement was
not necessary.

(1) All previously imposed conditions of supervised release in place at the time of revocation shall remain in effect, including the regular, random drug testing, and required substance-abuse treatment and mental-health counseling.

(2) For each new instance in which defendant Newman tests positive for marijuana--or fails to appear for a drug test without good cause--a warrant for his arrest will issue and he will turn himself in to spend two consecutive nights in jail, servable when he is not working.  The U.S. Probation Office shall determine when defendant Newman is to serve the two consecutive nights in jail.  The jail term should occur as soon as reasonably possible after his violation, but not interfere with his employment.  Following each violation, the Probation Office shall file a report with the court stating when defendant Newman will serve his jail term, and file a separate report confirming that he has in fact served the jail term.

(3) Prior to the court issuing a warrant, defendant Newman will not have a right to a preliminary hearing, a detention hearing, or a revocation hearing. Instead, the court will hold a hearing when he is released from custody.

(4) If defendant Newman tests positive for marijuana and/or fails to appear for a drug test without good cause three times, the court will hold a hearing to re-evaluate this sentence and treatment approach.

(5) Both the court and defendant Newman retain the right to withdraw from the agreement; however, if defendant Newman withdraws following a positive test or failure to appear for a test without good cause, a warrant shall still issue.

DONE, this the 21st day of December, 2018.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

4