**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:03cr213-MHT** |
| | ) | **(WO)** |
| **JOHNNY NEWMAN** | ) | |

**MODIFIED-HOPE PROGRAM OPINION AND ORDER**

In 2018, as part of the treatment of his drug addiction, defendant Johnny Newman voluntarily agreed to participate in a modified-HOPE Program where, upon a positive or missed drug test, he would serve a two-night term of imprisonment. *See United States v. Newman*, 350 F. Supp. 3d 1218 (M.D. Ala. 2018) (Thompson, J.). The program was designed to guarantee "swift and certain" incarceration shortly after a failed or missed drug test. *Id.* at 1219.

In January 2020, when Newman appeared before the court charged with seven violations of the conditions of his supervised release, the court learned that he had not received the benefits of the modified-HOPE Program, through no fault of his own or his supervising

probation officer.  For his drug-related violations, although he admitted his marijuana use to his probation officer, no incarceration occurred because the relevant officials at the Bureau of Prisons were unable to secure the rapid imprisonment contemplated by the plan. Therefore, the modified-HOPE Program, as designed, has not actually failed; instead, it has not been attempted in a meaningful way.* Whether it can work for Newman remains an open question.

As a result, at the request of Newman's supervising probation officer and with the agreement of Newman and his attorney, as stated in open court on the record on January 29, 2020, the court will modify the conditions of the modified-HOPE Program as follows to help ensure the "swift and certain" incarceration intended under the program, *Newman*, 350 F. Supp. 3d at 1219: Upon the

---

* Newman was adjudged guilty of the seven charges. For these violations, which included not only drug use but also carrying a firearm, Newman was sentenced to two months of incarceration. Forty-two days of this sentence will be served at a future time determined by his probation officer. The court split Newman's sentence so that he could attend to a Social Security matter.

court's being notified orally or in writing by his probation officer that, in violation of the conditions of his supervised release, Newman tested positive for, or admitted to using, an illegal substance or failed to appear for a drug test, (1) his probation officer will be authorized to arrest Newman immediately; (2) an officer is to escort Newman to the offices of the United States Marshals Service so Newman can surrender himself to the Marshal; and (3) Newman is to remain in the custody of the Marshal for a period of 48 hours, though the period could be longer if the release date falls on a weekend or holiday. If Newman fails to surrender voluntarily or if the probation officer believes that circumstances so warrant, the officer may still file a petition for revocation and ask for a warrant from the court. Further, as stated previously, if Newman tests positive for drugs or fails to appear for a drug test without good cause three times, the court retains the discretion to "hold a hearing to re-evaluate [the continued viability of the

modified-HOPE Program] sentence and treatment approach." *Newman*, 350 F. Supp. 3d at 1226. Finally, the court always reserves the overall right and discretion, depending on the circumstances presented, not to follow the modified-HOPE Program and to proceed with a "traditional" revocation proceeding.

***

Accordingly, it is ORDERED that the provisions of the modified-HOPE Program, to which defendant Johnny Newman has agreed, are modified such that the court has the discretion, depending on the circumstances presented, to enter the attached proposed order or something similar to it.

DONE, this the 31st day of January, 2020.

          /s/ Myron H. Thompson
          **UNITED STATES DISTRICT JUDGE**